# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| In re:<br><br>    **JEFFREY J. PROSSER,**<br><br>    Debtor.<br><br>**JAMES P. CARROLL, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF JEFFREY J. PROSSER,**<br><br>    Plaintiff/Appellee,<br><br>    v.<br><br>**JEFFREY J. PROSSER,**<br><br>    Defendant/Appellant. | Bankruptcy No. 2006-30009<br>Chapter 7<br><br><br><br><br><br><br><br>Civil Action No. 3:2013-0001 |

**Attorneys:**
**Norman A. Abood, Esq.,**
Toledo, OH
**Robert F. Craig, Esq.,**
Omaha, NE
**Lawrence H. Schoenbach, Esq.,**
New York, NY
    *For Appellant*

**Bernard C. Pattie, Esq.,**
St. Croix, U.S.V.I.
**Samuel H. Israel, Esq.,**
Philadelphia, PA
**Elizabeth C. Viele, Esq.,**
**Yann Geron, Esq.,**
New York, NY
    *For Appellees*

## **MEMORANDUM OPINION AND ORDER**

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Motion for Leave to File Under Seal" (Dkt. No. 23) and "Proposed Sealed Documents" (Dkt. No. 24) filed by Appellant Jeffrey J. Prosser ("Prosser"), the "Opposition to Jeffrey J. Prosser's Motion for Leave to File Document Under Seal" filed by Appellee James P. Carroll, Chapter 7 Trustee ("Trustee"), and "Jeffrey J. Prosser's Reply to Trustee's Opposition to Motion for Leave to File Under Seal." (Dkt. No. 27). Upon review of these submissions and the entire record herein, Prosser's "Motion for Leave to File Under Seal" (Dkt. No. 23) will be granted only to the extent that the documents—because they are confidential and have already been filed—will remain sealed. However, because the Court finds that the documents are not appropriately filed in this case, the Court will grant the Trustee's request that the Sealed Documents be stricken.

Prosser's Motion seeks to file documents under seal which—on their face—were generated well *after* the Order of the Bankruptcy Court that is the subject of this appeal. Thus, the proposed documents are identified in neither Prosser's nor the Trustee's Designation of the Record. (Dkt. Nos. 3-1; 5; 13). Under Fed. R. Bankr. P. 8006, a court reviewing an appeal from a bankruptcy court decision considers only the evidence that was part of the factual record below. This evidence includes "the items so designated by the parties, the notice of appeal, the judgment, order, or decree appealed from, and any opinion, findings of fact, and conclusions of law of the court." Fed. R. Bankr. P. 8006; *see also In re Newton*, 2019 WL 1650115, * 2 (D.N.J. April 16, 2019) (while a designation need not include all transcripts from the bankruptcy proceedings, it must include all matters which include "findings of fact" or "conclusions of law," including transcripts necessary for the district court to conduct substantive review of the bankruptcy ruling).

Likewise, Fed. R. Bankr. P. 8009(e)(2)(C) permits the court to add to the designated record on appeal any record omitted by error or accident. While Rule 8009(e) provides a means to correct the record on appeal and to bring it into conformity with the bankruptcy court record, the Rule is not intended to permit a party to supplement the record with new information that the Bankruptcy Court never considered. *In re Murphy*, 2020 WL 1227585, at *3 (M.D. Fla. March 13, 2020) (generally, an appellate court may refuse to consider an issue not presented to the trial court and raised for the first time on appeal). This is especially true with respect to documents that did not exist at the time of the Bankruptcy Court proceedings. Such documents may not be added to the record. *Smith v. Manasquan Bank*, 2018 WL 1512054, * 3 (D.N.J. March 27, 2018) (citing *In re Medford Crossing North LLC*, 2012 WL 1981718, at *4 (D.N.J. May 31, 2012)) (while existing documents not previously discovered may, under exceptional circumstances, be added under Rule 8009, documents which were nonexistent at the time of the bankruptcy proceeding cannot be added).

Finally, Prosser asserts as an "indisputable fact[]" that "the matters addressed [in the documents] are clearly relevant and material to this case and the adversary proceedings herein." (Dkt. No. 27 at 1). However, the Court fails to see the relevance of the documents to the particular issues presented by the appeal of the Bankruptcy Court's Order, *i.e.,* whether the Bankruptcy Judge erred in using collateral estoppel in the discharge proceeding to prevent relitigating facts found by that Court in the exemptions proceeding, and whether the record supports the Bankruptcy Judge's decision that Prosser engaged in misconduct during the bankruptcy proceeding that warrants denying him a discharge under the Bankruptcy Code.

For the foregoing reasons, the documents that Prosser seeks to file under seal were not designated as part of the record under Fed. R. Bankr. P. 8006; they are not of the nature that they

3

may be added to the record under Fed. R. Bankr. P. 8009(e)(2)(C); and they lack any apparent relevance to this appeal. Thus, the documents submitted by Prosser are not appropriate for consideration in this appeal.

Notwithstanding the impropriety of submission of these documents in this matter, the Court acknowledges that the documents, on their face, are confidential and should not be subject to public disclosure at this time. Accordingly, the Court will grant the Motion to Seal the documents that were filed as Proposed Sealed Documents. (Dkt. No. 24). However, for the reasons stated above, the Court will also grant the Trustee's request that the documents submitted be stricken and not considered by the Court in this appeal. (Dkt. No. 25 at 4).

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Prosser's "Motion for Leave to File Under Seal" (Dkt. No. 23) is **GRANTED IN PART** and the Proposed Sealed Documents (Dkt. No. 24) are hereby **SEALED**; and it is further

**ORDERED** that the Sealed Documents (Dkt. No. 24) are hereby **STRICKEN** from the record and will not be considered by the Court in this matter.

**SO ORDERED**.

Date: February 10, 2021 _____/s/_____
WILMA A. LEWIS
Chief Judge