**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| **In Re:** | ) | |
| **JEFFREY J. PROSSER,** | ) | **Bankr. No. 3:06-bk-30009** |
| **Debtor.** | ) | **Adv. Pro. 3:08-ap-03011** |
| **JAMES P. CARROLL, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF JEFFREY J. PROSSER,** | ) | **Civil No. 3:13-cv-0001** |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **JEFFREY J. PROSSER,** | ) | |
| **Defendant.** | ) | |

**JUDGMENT and ORDER**[1]

**THIS MATTER** came before the Court for oral argument upon Appellant Jeffrey J. Prosser's appeal from the Judgment Order entered by the Virgin Islands Bankruptcy Court sustaining the Trustee's objection to the entry of discharge of Jeffrey J. Prosser (Prosser), Debtor, in the adversary proceeding, Case No. 3:08-ap-03011. *See* ECF No. 1. Having reviewed the written briefs submitted by the parties and heard the arguments of counsel and upon due consideration thereof, the Court will deny the appeal.

Appellant seeks review of the Bankruptcy Court's denial of discharge of Appellant's underlying bankruptcy proceeding. In his brief, Appellant identifies nine specific issues, but

[1] Due to the retirement of the judge previously assigned to this case, the undersigned, exercising his authority as Chief Judge of the District Court, reassigned this case to himself on February 17, 2026.

summarizes them by stating, "In its simplest form, the Court's primary error below lay in its having precluded Jeffrey Prosser from introducing evidence to defend the objections to his discharge . . . ." Appellant, Jeffrey J. Prosser's Initial Brief (ECF No. 11) (App't Br.) at 4. However, Appellant does not, either in his brief or under questioning by the Court during oral arguments, identify in the record any offer of proof, as required by Federal Rule of Evidence Rule 103(a)(2), regarding the evidence he claims was improperly precluded or excluded. Thus, pursuant to the Rule, the Court finds that Appellant failed to preserve his claim of error. *See, e.g.*, *Keller v. County of Bucks*, 209 F. App'x 201, 208 (3d Cir. 2006) (where the court explains, "Under Fed. R. Evid. 103(a), a party may not appeal a ruling excluding evidence unless the party asserting the error made an offer of proof at trial.')[sic]"; *Carter v. Ball*, 33 F.3d 450, 457 (4th Cir. 1994) ("[W]e can assign no error to the exclusion of evidence, even a 'blanket' exclusion, where the plaintiff has not made a specific proffer to the court. *See* Fed. R. Evid. 103(a)(2)."); *Northeast Women's Center, Inc. v. McMonagle*, 868 F.2d 1342, 1352-53 (3d Cir. 1989) ("However, the district court's order precluded Defendants from putting on further evidence of their motives without making a prior showing of relevance. Defendants acknowledged at oral argument that they never made an offer of proof of the relevance of the evidence of motive which they now argue they desired to present. Having failed to make such an offer of proof, they have waived this issue on appeal. *See* Fed. R. Evid. 103(a)(2)." (footnote omitted)).

Moreover, even if the Court were to consider such preclusion or exclusion of evidence as error on the part of the Bankruptcy Court, Appellant did not present to this Court any evidence of any resulting harm. Consequently, the Court will deny the appeal.

For the foregoing reasons, it is hereby

**ORDERED, ADJUDGED, and DECREED** that Appellant Jeffrey J. Prosser's appeal from Judgment Order (Docket No. 4042) and accompanying Memorandum Opinion (Docket No. 4041) in Bankruptcy Case No. 06-30009 and Memorandum Opinion (Docket No. 207) and Judgment Order (Docket No. 208) in Adversary Proceeding, Case No. 08-03011, entered by Bankruptcy Judge Judith K. Fitzgerald, on December 20, 2012, is **DENIED**; it is further

**ORDERED, ADJUDGED, and DECREED** that said Judgment Order and Memorandum Opinion of the Bankruptcy Court is **AFFIRMED**; it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case.

**DATED:** September 30, 2026

*/s/ Robert. A. Molloy*
**ROBERT A. MOLLOY**
**Chief Judge**